IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| Plaintiff : | |
| v. : | **CRIMINAL NO. 21-52** |
| **DERRICK WEATHERBE** : | |
| Defendant : | |

**MEMORANDUM**

**KENNEY, J.**                                                                                           **NOVEMBER 13, 2024**

      Derrick Weatherbe brings this Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) of the Federal Sentencing Guidelines. ECF No. 77. He seeks a reduction to time served and asserts that his medical circumstances constitute "extraordinary and compelling reasons" within the meaning of the statute. *Id.* Specifically, he asserts that he is entitled to a reduction in sentence because the Bureau of Prisons is not providing the medical care required for his health conditions, which include chronic pain, mobility issues, and mental health concerns. *Id.*

      Mr. Weatherbe filed two *pro se* motions for reduction in sentence on September 11, 2023, and February 20, 2024. ECF Nos. 69, 71. The Federal Community Defender Office then filed a supplemental counseled motion for compassionate release on Mr. Weatherbe's behalf (ECF No. 77), to which the Government filed a Response in Opposition (ECF No. 83). As explained below, the Court will deny Mr. Weatherbe's motion because he does not present "extraordinary and compelling reasons" allowing consideration for compassionate release under § 3582(c)(1)(A). An appropriate Order will follow.

I. BACKGROUND

A. Defendant's Medical History

Central to the issue at hand is Mr. Weatherbe's significant medical history. As outlined in his motion, Mr. Weatherbe suffers from a host of medical conditions, some of which predate the actions for which Mr. Weatherbe was convicted. In 2019—approximately one year before the conduct underlying his conviction—Mr. Weatherbe was struck by a vehicle as a pedestrian and flung onto a second vehicle. ECF No. 77. He was hospitalized and suffered the following injuries: a "back injury[]; torn anterior cruciate ligament (ACL); loss of hearing; C5 fracture of the seventh cervical vertebra; traumatic subarachnoid hemorrhage with loss of consciousness; spine pain cervical; and post traumatic headache." Presentence Investigation Report ("PSR") ¶ 50.

As a result of his injuries, Mr. Weatherbe began to experience a variety of ailments, including seizures, migraine headaches, and chronic pain and mobility issues. ECF No. 77. In 2021—approximately one year after the conduct underlying Mr. Weatherbe's conviction—his pain and mobility issues led to a serious fall causing injuries to his left elbow and knee, both of which required surgery and implants. *Id.* The elbow implant became infected and caused him to lose feeling in his fingers, thus requiring a second surgery. *Id.* To manage these health issues and his ongoing pain, Mr. Weatherbe used prescription medications and mobility aids—including a cane, leg brace, arm splint, and bone ultrasound stimulator—and engaged in physical and occupational therapy. *Id.* In addition to his physical ailments, Mr. Weatherbe suffers from depression, ADD, anxiety, and PTSD, which he manages with medication. *Id.*

B. Conviction and Procedural History

On May 31, 2020—approximately one year after sustaining his initial injuries—Mr. Weatherbe participated in a mass looting of a Lowe's Home Improvement store located at 1500

North 50th Street in Philadelphia. PSR ¶ 7. Mr. Weatherbe joined the looting, first by stealing Lowe's merchandise, which he later tried to resell online, and then by returning to the store and using an accelerant to start a fire. *Id.* Mr. Weatherbe filmed himself gathering a lighter and lighter fluid from the Lowe's inventory and setting aflame a piece of foam, which he threw into a display bathtub. *Id.* ¶ 11. The fire triggered the store's fire suppression system, and Lowe's spent more than $70,000 to remedy the fire and water damage and reset the fire suppression system. *Id.* ¶ 14.

On February 23, 2021, Mr. Weatherbe was indicted by a grand jury and charged with malicious damage by means of fire of a building and property used in interstate commerce, in violation of 18 U.S.C. 844(i). *Id.* ¶ 1. Mr. Weatherbe pled guilty. *Id.* ¶ 2. Mr. Weatherbe's sentencing guideline range was 41 to 51 months of imprisonment. However, the statutory minimum sentence is five years, pursuant to § 844(i). *Id.* ¶ 80. Accordingly, the court imposed the statutory minimum of five years on November 22, 2022, two years of supervised release, $74,636.50 in restitution, and a $100 assessment fee. ECF No. 58.

Mr. Weatherbe is now 33 years old and serving his sentence at the Federal Correctional Institution at Fort Dix, with a minimum release date of October 10, 2026. ECF No. 83. He has served approximately 21 months. *Id.* Mr. Weatherbe brings his motion for compassionate release under § 3582(c)(1)(A) seeking a reduction in sentence to time served. ECF No. 77.[1]

## II.    LEGAL STANDARD

A court may grant a motion for a sentence reduction if (1) "extraordinary and compelling reasons" warrant the reduction; (2) such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the reduction is "supported by the

---

[1] 18 U.S.C. § 3582(c)(1)(A) authorizes defendants to file a motion for compassionate release after exhausting the Bureau of Prisons' administrative processes. The parties agree that Mr. Weatherbe appropriately exhausted this process. Accordingly, this point is not in dispute. *See* ECF No. 83 at 4; ECF No. 77 at 10.

3

traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable." *United States v. Andrews*, 12 F.4th 255, 258 (3d Cir. 2021) (quoting U.S.C. § 3582(c)(1)(A)).

The "applicable policy statement[]" refers to U.S.S.G. § 1B1.13, which defines "extraordinary and compelling reasons" for a sentence reduction under compassionate release. Pertinent here, "extraordinary and compelling reasons" may exist where "[t]he defendant is suffering from a medical condition that requires long-term or specialized care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." § 1B1.13(b)(1)(C).

Only if a defendant's circumstances qualify as "extraordinary and compelling" will the court look to § 3553(a) factors to determine whether, at the court's discretion, a sentence reduction is warranted. § 3582(c)(1)(A). Those factors are:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) The need for the sentence imposed —
>   a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   b. to afford adequate deterrence to criminal conduct;
>   c. to protect the public from further crimes of the defendant; and
>   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; . . . [and]
> (6) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]

§ 3553(a).

The defendant bears the burden of proving by a preponderance of the evidence that the requested relief is warranted. *United States v. Jeffries*, No. 14-106, 2021 WL 2000555, at *7 (W.D. Pa. May 19, 2021) (citations omitted).

4

### III. DISCUSSION

**A. Mr. Weatherbe's medical conditions are not "extraordinary and compelling" allowing consideration for compassionate release.**

No reduction in sentence will be granted because Mr. Weatherbe has failed to satisfy his burden of proving "extraordinary and compelling reasons" for compassionate release under § 3582(c)(1)(A). Mr. Weatherbe asserts that he is entitled to compassionate release because the Bureau of Prisons is not providing the medical care required for his conditions, which include chronic pain, mobility issues, and mental health concerns. ECF No. 77. Specifically, he asserts that the Bureau of Prisons (1) failed to provide timely and adequate physical and occupational therapy; (2) was inadequate in seeking medical imaging and consultations to further investigate his health issues; and (3) "refused" to provide Mr. Weatherbe with mental health treatment. *Id.* at 6-8.

As discussed above, compassionate release may be available under § 3582(c)(1)(A) where "[t]he defendant is suffering from a medical condition that requires long-term care or specialized care *that is not being provided* and without which the defendant is at risk of serious deterioration in health or death." § 1B1.13(b)(1)(C) (emphasis added). However, Mr. Weatherbe filed over 250 pages of medical records along with his motion, approximately 70 of which concern his treatment in prison, which attests to the fact that the prison is providing him with medical care, even if he alleges that such care is delayed or inadequate. *See* ECF No. 77-2.

Mr. Weatherbe's allegations regarding the prison's failure to treat are belied by own filings and representations. First, with respect to his physical therapy needs, the Bureau of Prisons began providing this care in June 2024. ECF No. 77 at 7. Mr. Weatherbe also notes that the physical therapist "provided [] a list of exercises to conduct on his own." *Id.* Similarly, his concerns about the provision of medical imaging are not grounds for relief: as he points out, the Bureau of Prisons requested a consultation with orthopedic surgery in July 2024. *Id.* at 8. Finally, Mr. Weatherbe

claims that the Bureau of Prisons' health services "refused" to provide him with mental health treatment. *Id*. This claim also fails as grounds for relief. His motion represents that "he is on medication for his mental health issues (anxiety, depression, and PTSD) . . . ." *Id.*

Again, the key inquiry is whether care is being *provided*. Because Mr. Weatherbe is, in fact, receiving medical care from the prison, he has failed to meet his burden of showing extraordinary and compelling circumstances under § 1B1.13(b)(1)(C) and cannot be entitled to compassionate release on these grounds.

### B.  Mr. Weatherbe's claim fails under the § 3553(a) factors.

Even if the Court were to find that Mr. Weatherbe's reasons for compassionate release were "extraordinary and compelling," his motion would not succeed based on consideration of the § 3553(a) factors.

Aside from Mr. Weatherbe's notable efforts toward rehabilitation, the facts of this case remain stark. Mr. Weatherbe—despite having severe medical conditions—chose to participate in a mass looting of a Lowe's Home Improvement store. He chose to enter the store and steal property, which he later tried to resell online. ECF No. 83. He then chose to *re-enter* the store, find a lighter and lighter fluid, and film himself setting aflame a piece of foam, which he then threw into a display bathtub, causing over $70,000 worth of damage. *Id*.

In considering the § 3553(a) factors, the Court does not find that further reducing Mr. Weatherbe's sentence would appropriately reflect the seriousness of his offense, promote respect for the law, provide just punishment for his offenses, and afford adequate deterrence. Thus, even if this Court were to find that his reasons for compassionate release were "extraordinary and compelling," the § 3553(a) factors do not support granting Mr. Weatherbe's Motion for Reduction in Sentence.

## IV. CONCLUSION

Mr. Weatherbe has not presented "extraordinary and compelling reasons" to reduce his sentence under compassionate release, as required by § 3582(c)(1)(A). The Court therefore denies Mr. Weatherbe's Motion for Reduction in Sentence. An appropriate Order will follow.

**BY THE COURT:**

/s/ Chad F. Kenney

_____
**CHAD F. KENNEY, JUDGE**